UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-201-1F

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DEXTER BROADNAX, ) | |
| Defendant. ) | |

This matter is before the court on the Motion for Updated Docket Sheet, Trial Transcripts, and Sentencing Transcripts [DE-140] filed by Dexter Broadnax ("Broadnax"). On January 5, 2011, Broadnax was sentenced before this court after having been found guilty of multiple counts of robbery and possession and use of firearms. On April 18, 2011, Broadnax filed his first Motion for Updated Docket Sheet and Sentencing Transcripts [DE-127], which the court denied in part for lack of a particularized need. In the instant motion, Broadnax, again, seeks an updated copy of the docket sheet, trial transcripts, and sentencing transcripts. As Broadnax has not indicated a willingness nor an ability to pay for the production of the updated docket sheet, trial transcripts, and sentencing transcripts, the court will interpret Broadnax's instant motion as a request for these documents free of charge.

Section 753(f) of Title 28, United States Code addresses the circumstances under which transcripts may be provided to an indigent criminal defendant at the government's expense. Section 753(f) provides that:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts

furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]

28 U.S.C. § 753(f). An indigent may be entitled to transcripts at the government's expense if he has stated a proper ground for relief and the transcripts are indispensable. *United States v. Glass*, 317 F.2d 200, 202-203 (4th Cir. 1963). An indigent defendant is not entitled to transcripts at the government's expense "merely to comb the record in the hope of discovering some flaw." *Id.* at 202. Because there is no constitutional requirement that an indigent defendant be supplied free transcripts in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *See, e.g., United States v. MacCollum*, 426 U.S. 317, 323-30 (1976).

Here, Broadnax claims that his particularized need for the documents is "to decide the issue presented by the appeal." However, based on this explanation alone, the court is unable to determine whether the these documents are indeed indispensable. Furthermore, Broadnax has been appointed counsel to handle his direct appeal. Therefore, Broadnax's Motion for Updated Docket Sheet, Trial Transcripts, and Sentencing Transcripts [DE-140] is ALLOWED IN PART AND DENIED IN PART. Broadnax's request for trial and sentencing transcripts is DENIED. As the updated docket sheet falls outside of the realm of official court transcripts, the Clerk of Court is DIRECTED to send Broadnax a copy of the latest docket sheet.

SO ORDERED.

This the  10  day of February, 2012.

JAMES C. FOX
Senior United States District Judge

2